(No. 39089.—

EDWARDSVILLE ROOFING COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FRED BAST, Appellee.)

*Opinion filed May 20, 1965.*

THOMAS Q. KEEFE, of East St. Louis, for appellant.

DURR & DURR, of Edwardsville, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court affirming a decision of the Industrial Commission, which had affirmed the award of an arbitrator. Fred Bast, the claimant, was burned on his left hand and arm by hot tar while he was employed as a roofer. He was awarded temporary total disability for 20⅔ weeks, from September 12, 1960 to February 1, 1961, and an additional sum for disfigurement. Edwardsville Roofing Co., the employer, appeals only from the temporary total disability award. It contends that there is no evidence to support that award. It also contends that the claimant is barred from recovering disability compensation because during a substantial part of the period for which he was awarded disability compensation, he had received unemployment benefits based upon his representations that he was able to work. (See, Ill. Rev. Stat. 1963, chap. 48, par. 436.) We find it necessary to consider only the first of these contentions.

The claimant was the only witness. He testified that he was injured on September 12, 1960, a Monday, and that he visited Dr. Malench that night. He continued to work until Friday, September 16, when the job was finished and he was laid off. He also testified that Dr. Malench told him to come back on several occasions during the first week and that the doctor said that he would remove the bandage on

Friday of that week. On or about November 17 the claimant consulted Dr. Collins, who referred him to Dr. Ferguson. He received treatment four times from Dr. Ferguson. He ceased visiting Dr. Ferguson on January 31, 1961, and Dr. Collins on February 3, 1961. He obtained employment in the middle of March.

At no time did the claimant testify that he was unable to work during the entire period in question, or during any part thereof. No one else so testified, but it is argued that there is other evidence from which an inference of total disability may be drawn. The claimant testified that about the time he went to the new doctors in November, he had open purulent sores, his arm pained him, and there were big bubbles and blue streaks under the arm. He testified that the sores were not entirely healed when he was released by his doctors. But this testimony will not warrant an inference that the claimant was totally disabled during the period for which compensation was awarded.

Photographs of the claimant's arm, which were taken about the time that he changed doctors, were introduced into evidence. They show two burns—one on the side of the left hand and another on the side of the forearm. It is impossible for a layman to ascertain from these photographs whether the burns were disabling, and if so, to what extent. The arbitrator looked at the arm six and one-half months after the accident, and a commissioner three and one-half months later. Here too, it would be impossible for laymen to determine from the appearance of the arm six to ten months after the accident whether and to what extent it had actually impaired the employee's ability to work.

The only other evidence was the claimant's statement, admitted over objection, that he was released "for work" by Dr. Ferguson on January 31 and by Dr. Collins on February 3. We believe that it was error to overrule the objection in so far as the purpose of the evidence was to give rise to an inference that, in the opinion of the doctors, the

claimant was not previously able to work. We conclude that there is no evidence to support the award of temporary total disability, and as to it the judgment of the circuit court of Madison County must therefore be reversed, and the award for temporary total disability set aside.

*Judgment reversed; award set aside in part.*